IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MARK WHITTEN, | ) | |
| AIS #179726, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:09-CV-201-TMH |
| | ) | |
| FREDDIE BUTLER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by John Mark Whitten ["Whitten"], a state inmate, on March 5, 2009.[1]  In this

petition, Whitten challenges convictions for murder imposed upon him on November 10,

1994 by the Circuit Court of Russell County, Alabama.[2]  By operation of law, Whitten's

---

[1] Although the Clerk stamped the petition "received " on March 9, 2009, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11ᵗʰ Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11ᵗʰ Cir. 1993).  Whitten certified he executed the instant habeas petition on March 5, 2009. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 7.  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Whitten] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11ᵗʰ Cir. 2001).  In light of the foregoing and for purposes of the proceedings herein, the court considers March 5, 2009 as the date of filing.

[2] Whitten entered his guilty pleas to murder in violation of  *Ala. Code* § 13A-6-2(a)(2), commonly identified as reckless murder, which states that "[a] person commits the crime of murder if ... [u]nder circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person...." Whitten contends (i) his guilty pleas do not provide a proper basis for the murder convictions,

murder convictions became final in December of 1994.

Pursuant to the orders of this court, the respondents filed an answer in which they argue the instant federal habeas petition is barred by the limitation period applicable to 28 U.S.C. § 2254 petitions as Whitten failed to file this petition within the "grace period" adopted by the Eleventh Circuit.[3]  Governing case law therefore establishes that because Whitten's reckless murder convictions became final in December of 1994, well before the effective date of the AEDPA, the limitation period did not begin to run until April 24, 1996.  *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998).  Whitten, however, filed a Rule 32 petition on October 29, 1996 challenging his convictions.[4]  *Respondents' Exhibit*

_____

(ii) evidence discovered after entry of the convictions establishes his actual innocence, i.e., allegations made in a civil proceeding filed prior to October of 1996 by families of the victims suggested Whitten may not have been the sole or direct cause of the victims' deaths, and (iii) counsel provided ineffective assistance in failing to properly investigate the facts regarding the cause of death.

[3]The Anti-Terrorism and Effective Death Penalty Act [the "AEDPA"] sets forth a one-year period of limitation applicable to the filing of federal habeas petitions.  This Act became effective on April 24, 1996. The Eleventh Circuit, however, adopted a "grace period" for petitioners whose convictions became final prior to enactment of the AEDPA which allows such persons "one year from the AEDPA's effective date" to file a federal habeas petition.  *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

[4]The state court docket entry reflects Whitten submitted this petition to prison officials for mailing on October 29, 1996.  *Respondents' Exhibit B-1 - Court Doc. No. 7-3* at 3.  A pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272.  "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to a pro se Rule 32 petition filed in the state courts of Alabama.  Thus, in the interest of justice and clarity, this court considers October 29, 1996 the appropriate

*B-1 - Court Doc. No. 7-3* at 3.  Since Whitten filed his Rule 32 petition during the running

of the applicable limitation period, this state petition tolled the limitation period and it

remained tolled during the pendency of this state post-conviction action. The record

demonstrates this Rule 32 petition remained pending in the state courts until October 22,

1999 when the Alabama Supreme Court denied Whitten's petition for writ of certiorari

during the appeal process.  *Respondents' Exhibit F - Court Doc. No. 7-8*.  Nevertheless,

even allowing the tolling of the limitation period, the period of limitation expired several

years prior to Whitten filing the present federal habeas petition.

Based on the foregoing, the court entered an order advising Whitten that he failed

to file his federal habeas petition within the one-year limitation period established by

federal law.  *Order of April 9, 2009 - Court Doc. No. 9*.  This order also provided Whitten

an opportunity to show cause why his habeas petition should not be barred from review by

this court as untimely filed.  *Id*. at 6-7.  Whitten filed no response to this order.

Upon review of the pleadings filed by the parties, the undisputed state court record

and applicable federal law, the court determines no evidentiary hearing is required, Rule

8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes

this habeas petition is due to be denied as Whitten failed to file the petition within the

applicable one-year period of limitation.

---

date of filing for Whitten's Rule 32 petition.  The parties doe not dispute this date.

## II.  DISCUSSION

### A.  Actual Innocence - Independent Claim

Whitten argues that he is entitled to federal habeas relief because he is actually innocent of murder.  The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'  *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.'  *Id.*"  *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  Thus, Whitten is entitled to no relief from this court on his independent claim of actual innocence.[5]

### B.  Actual Innocence - Gateway to Excuse Time Bar

Throughout his pleadings, Whitten asserts that he is actually innocent of the murders for which he was convicted. In support of this assertion, Whitten maintains that the car in which the victims were riding may have been equipped with a faulty fuel system which could have caused it to implode upon impact with the vehicle driven by an intoxicated

---

[5]As discussed below, Whitten likewise fails to present any evidence which demonstrates his actual innocence.

Whitten, and that the victims had a trace amount of marijuana in their systems that might have been a factor in the collision.  This court is obliged to determine whether Whitten has made a showing of actual innocence before addressing whether the claims for federal habeas relief are barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

"To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998).  "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").  *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare....  To be credible, such a claim requires petitioner to support his allegations of

constitutional error with new reliable evidence -- whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not

presented at trial. Because such evidence is obviously unavailable in the vast majority of

cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

The respondents maintain that the allegations made by Whitten regarding other

possible contributing factors to the victims' deaths fail to constitute new, reliable evidence

establishing Whitten's actual innocence. *Respondents' Answer - Court Doc. No. 7* at 6-8.

Specifically, the evidentiary materials filed herein establish that the potential contributing

factors on which Whitten relies to demonstrate his actual innocence were known both to

Whitten and his counsel at the time of the guilty pleas. *Respondents' Exhibit D*

*(Memorandum Opinion of the Alabama Court of Criminal Appeals on Appeal from Denial*

*of the Rule 32 Petition) - Court Doc. No. 7-6* at 3. Additionally, as the Alabama Court of

Criminal Appeals wrote:

> The circuit court did not err in holding that there was no newly
> discovered evidence. The testimony of both Whitten and his defense counsel
> [at the Rule 32 evidentiary hearing] indicates that they were both aware of
> the possibility that the victims' car may have had a faulty fuel system which
> could have contributed to the car exploding upon impact and that they were
> aware that there was the possibility there was a presence of drugs in the urine
> of the victims. Given the fact that Whitten and his counsel were aware of the
> possibility of such evidence before the decision was made to plead guilty,
> Whitten has not met his burden to show that this evidence could not have
> been discovered before trial through the exercise of reasonable diligence [so
> as to meet the standard for newly discovered evidence]. Ex parte Heaton,
> 542 So.2d 931 (Ala. 1989).

However, even if this evidence could be considered newly discovered, there is no indication that the evidence could have changed the result or the sentence at trial.  From the testimony at the evidentiary hearing it is clear that Whitten was intoxicated and driving his car at a high rate of speed.  He testified that, although he was drunk at the time of the accident and couldn't remember how fast he was driving, he recalled that, when he saw the victims' car traveling in his lane of traffic, he was able to slow his car down to "70 or 80" before he struck the rear-end of the victims' car.  Eyewitnesses, including an army chaplain, would have testified that the victims' car was propelled through the air by the force of the impact and immediately exploded on impact by Whitten's car.

Whitten's theory that a faulty design in the victims' car fuel system amounted to an intervening cause of death or that traces of marijuana in the victims' urine lessened his criminal accountability is wrong. Reckless murder is committed under circumstances manifesting an extreme indifference to human life where the defendant recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person.  § 13A-6-2(a)(2), Ala. Code 1975.  It is clear that the unlawful act of an accused need not be the sole cause of death in order to convict him of murder. Even if the defendant's act was only a partial cause accelerating death, the defendant would still be responsible. Finley v. State, 405 So.2d 161, 162 (Ala.Cr.App. 1981).  There was absolutely no evidence presented to the circuit court to indicate that the  victims' car would have exploded regardless of the reckless conduct of Whitten, or that the trace of marijuana found in the  victims' urine indicated any sort of negligent behavior which would have lessened Whitten's legal responsibility for the results of his reckless conduct.

*Respondents' Exhibit D (Memorandum Opinion of the Alabama Court of Criminal Appeals on Appeal from Denial of the Rule 32 Petition) - Court Doc. No. 7-6* at 3-4 (citations to record omitted).

It is clear the arguments presented by Whitten do not constitute "new reliable evidence" of his actual innocence, nor has Whitten demonstrated that any such evidence

exists to establish his actual innocence so as to meet the standard set forth by *Schlup*.  The

instant petition for federal habeas corpus relief is therefore properly analyzed under the

provisions of 28 U.S.C. § 2244(d)(1)(A).

### C.  The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on

April 24, 1996 and amended the habeas corpus statute to include a one-year period of

limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified

at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws
>> of the United States is removed, if the applicant was prevented
>> from filing by such State action;
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has been
>> newly recognized by the Supreme Court and made retroactively
>> applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the
>> exercise of due diligence.
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment
> or claim is pending shall not be counted toward any period of limitation
> under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired.").  Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires.  *Id.*

On November 10, 1994, Whitten entered guilty pleas before the Circuit Court of Russell County, Alabama to two counts of reckless murder. The trial court imposed sentences for these convictions on this same date.  Whitten did not file a direct appeal challenging his reckless murder convictions. Since Whitten failed to pursue the direct appeal process, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of his reckless murder convictions therefore lapsed on December 22, 1994 upon expiration of the time for filing a direct appeal -- forty-two days after imposition of sentence as this is the date on which his time

to seek direct review expired.  Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  Thus, Whitten's convictions for reckless murder became final on December 22, 1994.

In light of the foregoing, the convictions challenged in this federal habeas action became final prior to enactment of the AEDPA.  The law is well settled that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Whitten], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11ᵗʰ Cir. 1998)]."  *Wilcox*, 158 F.3d at 1211.  Thus, absent tolling, the limitation period applicable to the instant petition began to run on April 24, 1996.  *Id*.

**1. <u>Equitable Tolling of the Limitation Period</u>**.  Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11ᵗʰ Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11ᵗʰ Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11ᵗʰ Cir. 2002).  "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9ᵗʰ Cir.1997).  Such tolling applies only in truly extraordinary circumstances.  *Jones v. United States*, 304 F.3d 1035,

1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th

Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly

rests with the petitioner."  *Drew*, 297 F.3d at 1286; *see Helton v. Secretary  for the Dept.*

*of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080,

122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002).

Whitten presents no arguments relative to equitable tolling.  Moreover, a thorough

review of the record establishes that Whitten has not set forth the existence of any

extraordinary circumstance which prevented him from filing a timely federal petition for

habeas corpus relief.  Additionally, Whitten presents nothing demonstrating that he

exercised diligence in pursuing his claims for relief in a § 2254 petition; rather, despite his

conceded knowledge of the habeas claims as of filing his Rule 32 petition in October of

1996, Whitten did not file his federal habeas petition until over nine years after finality of

judgment in the state collateral action. The record is therefore devoid of evidence that

Whitten's delay in filing the instant § 2254 petition resulted from extraordinary

circumstances beyond his control and unavoidable with the exercise of diligence.  *Drew*,

297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999).   Under the

circumstances of this case, this court "cannot say that [Whitten] has acted with the

'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers

of the court.'  This conclusion is based on the longstanding, firmly rooted principle that a

court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5.  Thus, Whitten is not entitled to equitable tolling of the limitation period.

2.  **Statutory Tolling of the Limitation Period**.  Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  In accordance with the directives of *Wilcox* and *Goodman*, the limitation period began to run on April 24, 1996, and ran for 188 days until Whitten filed a Rule 32 petition in the Circuit Court of Russell County, Alabama on October 29, 1996.  This state collateral action tolled the running of the federal limitation period from its inception until finality of judgment upon issuance of the certificate of judgment by the Alabama Supreme Court on October 22, 1999. *Respondents' Exhibit F - Court Doc. No. 7-8*.  At this time, Whitten had 177 days remaining within which to timely file a federal habeas petition.  As previously determined, Whitten is not entitled to equitable tolling of the limitation period.  Consequently, the requisite federal period of limitation began to run again on October 23, 1999, and ran without interruption from either equitable or statutory tolling until its definitive expiration on April 17, 2000.[6]

_____

[6]Since the actual date of expiration – April 16, 2000 – fell on a Sunday, the one-year period of limitation expired the following day.  Rule 6(a)(3), *Federal Rules of Civil Procedure* (The last computed day

### D.  Expiration of the Limitation Period

In accordance with the foregoing analysis, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on April 17, 2000.  Whitten filed the instant petition for federal habeas relief on March 5, 2009, over eight years and 10 months after expiration of the federal limitation period.  Whitten has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by John Mark Whitten on March 5, 2009 be denied as Whitten failed to file the petition within the applicable one-year period of limitation.

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before September 16, 2011, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

---

of the limitation period shall not be included if "it is a Saturday, a Sunday, or a legal holiday....").

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of September, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE